UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:25-cv-01238-JMS-KMB |
| | ) | |
| N. WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner Mark Miller filed a writ of habeas corpus under 28 U.S.C. § 2254, challenging prison disciplinary proceeding IYC-24-10-003611 in which he was found guilty of Offense 252, Interfering With Staff, and was sanctioned with the loss of 30 days of commissary privileges, a written reprimand, and a suspended demotion of a credit-earning class. [Filing No. 1; Filing No. 8-1.] He contends that the discipline was imposed in violation of his due process rights. [Filing No. 1.] Defendant has filed a Motion to Dismiss, arguing that Mr. Miller is not entitled to a writ of habeas corpus because the sanctions did not affect the duration of his custody. [Filing No. 8; Filing No. 9.] The Court addresses Defendant's Motion to Dismiss below.

**I.**
**LEGAL BACKGROUND**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). If the sanctions imposed in a prison disciplinary proceeding do not potentially lengthen a prisoner's custody, then those sanction cannot be challenged in an action for habeas corpus relief. *See Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam). To be considered "in custody"

1

for the purposes of challenging a prison disciplinary proceeding, the petitioner must have been deprived of good-time credits, *id.*, or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures [they] choose[ ], or no procedures at all." *Id.* at 644.

## II.
### FACTUAL BACKGROUND

On October 13, 2024, Mr. Miller was charged in disciplinary proceeding IYC-24-10-003611 with Offense 252, Interfering With Staff, related to his refusal to be housed on a top bunk. [*See* Filing No. 1; Filing No. 8-1.] He pled guilty at a disciplinary hearing held on October 28, 2024, at which he stated that he "was trying to explain to the Officer about bottom bunk pass," and "wasn't going to upper bunk, due to [him] having seizures." [Filing No. 8-1.] Mr. Miller was sanctioned with the loss of 30 days of commissary privileges, a written reprimand, and a suspended demotion of a credit-earning class. [Filing No. 8-1.]

The Indiana Department of Correction's Manual of Policies and Procedures states that "[t]he length of time that an incarcerated individual may be under a suspended sanction is six (6) months from the date of the disciplinary hearing that imposed the suspended sanction." [Filing No. 8-3 at 41.] Records reflect that the suspended sanction of the demotion of a credit-earning class had not been imposed as of June 23, 2025. [*See* Filing No. 8-2 at 2 (reflecting Sentence Detail Report for Mr. Miller was last updated on June 23, 2025); Filing No. 8-2 at 4 (column on Sentence Detail Report for Mr. Miller reflecting "Start Date" for "Time Earned Class change" sanction in case IYC-24-10-003611 appearing blank).]

Mr. Miller brought this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Filing No. 1.] He asserts that sanctions for disciplinary proceeding IYC-24-10-003611 were wrongfully imposed because he was to have a bottom bunk due to medical reasons, the facility

will not "answer [his] appeal," he was told that if he could produce "an active bottom bunk pass" his Conduct Report would be "thrown out," and he produced a pass. [Filing No. 1 at 2-4.] Defendant has filed a Motion to Dismiss Mr. Miller's Petition, [Filing No. 8], and Mr. Miller has filed a response, [Filing No. 10]. Defendant's Motion to Dismiss is ripe for the Court's consideration.

### III.
### DISCUSSION

In support of the Motion to Dismiss, Defendant argues that Mr. Miller's suspended sanction of a demotion in a credit-earning class must be imposed within six months of the imposition of the suspended sanction, it has not been imposed, and it cannot be imposed in the future. [Filing No. 9 at 1-2.] He asserts that because the suspended sanction was never imposed, none of Mr. Miller's sanctions in connection with prison disciplinary proceeding IYC-24-10-003611 resulted in lengthening his custody. [Filing No. 9 at 2.]

In his response, Mr. Miller argues that the suspended sanction of a demotion in a credit-earning class was "enforced" on October 28, 2024. [Filing No. 10 at 1.] He also sets forth arguments related to the substance of his conviction for Offense 252. [Filing No. 10 at 1-3.] Mr. Miller attaches a written statement and a Classification Order stating that he was to be housed on a bottom bunk from September 25, 2024 to March 25, 2025 due to "Unspecified Convulsions." [Filing No. 10-1.]

Defendant did not file a reply.

As set forth above, if the sanctions imposed in a prison disciplinary proceeding do not potentially lengthen a prisoner's custody, then those sanctions cannot be challenged in an action for habeas corpus relief. *See* 28 U.S.C. § 2254(a); *Cochran,* 381 F.3d at 639; *Brown,* 599 F.3d at 611. When such a custody-lengthening sanction is not imposed, prison disciplinary officials are

3

"free to use any procedures it chooses, or no procedures at all." *Montgomery*, 262 F.3d at 644. Here, while a demotion in a credit-earning class could lengthen a prisoner's sentence, evidence that Mr. Miller has not contradicted reflects that Mr. Miller's sanction of a demotion in a credit-earning class was suspended, has never been imposed, and cannot be imposed in the future. [*See* Filing No. 8-2 at 4; Filing No. 8-3 at 41.]

Accordingly, Mr. Miller's Petition must be dismissed because his "custody" was not affected by the disciplinary proceeding at issue. He suffered only a 30-day loss of commissary privileges and a written reprimand, which do not meet the custody requirement. *See Cochran*, 381 F.3d at 639; *Montgomery*, 262 F.3d at 644-45. The Court **GRANTS** Defendant's Motion to Dismiss, [Filing No. 8], and **DISMISSES WITHOUT PREJUDICE** Mr. Miller's Petition for a Writ of Habeas Corpus for lack of jurisdiction. *See Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) (lack of "custody" results in a dismissal for lack of jurisdiction and is therefore without prejudice).

## IV.
### Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss, [8], and **DISMISSES WITHOUT PREJUDICE** Mr. Miller's Petition for a Writ of Habeas Corpus, [1]. Final judgment shall issue by separate order.

Date: 10/17/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Mark Miller
#137516
PLAINFIELD – CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 Moon Rd.
Plainfield, IN 46168